No. 23,212.

## H. O. TRINKLE, *Appellee*, v. THE GARDEN CITY LAND & IMMIGRATION COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

CORPORATION—*Execution Sale of Shares of Corporate Stock—Service on Corporation—Amendment of Sheriff's Return on Execution.* In mandamus to compel a corporation to transfer a share of its capital stock purchased at a sale under an execution against a shareholder the defense was that the sale was void because of the failure of the sheriff to leave with the secretary of the corporation an attested copy of the execution and return within fourteen days from the date of the sale in accordance with the provisions of section 7350, General Statutes of 1915. (Civ. Code, § 446.) It was shown that the sheriff delivered to the secretary a copy of the execution and return which was not attested, and which failed to show the name of the purchaser; but in the action in which the execution issued the sheriff, by leave of court, amended his return by setting forth the name of the purchaser, and thereupon delivered to the secretary of the corporation a duly attested copy of the execution and return as amended. *Held*, as between the corporation and the purchaser, the court from which the execution issued had authority to permit the amendments to be made after fourteen days from the date of the sale, and after the sixty days for the return of the execution had expired. (Civ. Code, § 140.)

Appeal from Finney district court; CHARLES E. VANCE, judge. Opinion filed June 11, 1921. Affirmed.

*F. Dumont Smith*, of Hutchinson, for the appellant.

*H. O. Trinkle*, of Garden City, *pro se*.

The opinion of the court was delivered by

PORTER, J.: The appeal is from an order granting a peremptory writ of mandamus directing appellant to transfer on its stock books and deliver to the appellee one share of its capital stock purchased by the appellee at a sale under an execution against B. M. McCue.

The contention is that the statutory provisions for the sale under execution of a stockholder's interest in a corporation were not complied with, and that the court from which the execution issued exceeded its authority in permitting an amendment to the sheriff's return on the execution. The manner in

Trinkle v. Land & Immigration Co.

which a shareholder's interest in a corporation may be levied upon and sold under execution is prescribed by section 7350, General Statutes of 1915, part of which reads:

"An attested· copy of the execution and of the return thereon shall within fourteen days from the day of sale be left with the officer of the corporation whose duty it is to record transfers of shares, and the purchaser shall thereupon be entitled to a certificate for the shares bought by him and to a transfer thereof to such purchaser on the books of the company." (Civ. Code, § 446.)

The execution involved in the present action was issued on June 11, 1920, in the case of A. L. Sedbrook against B. M. McCue. On the same day a duly attested copy of the execution was delivered by the sheriff to the secretary of the appellant company, who gave the sheriff a statement that McCue owned one share of the capital stock of the company. On the 5th day of August, 1920, the sheriff delivered to the secretary of the company a purported copy of the execution with a return which was not an attested copy, and which failed to show the name of the purchaser. On August 25, 1920, in the action of *Sedbrook v. McCue,* the sheriff, by leave of court, amended his return by setting forth the name of the purchaser with the statement that the appellee was the highest bidder at the sale, and thereupon he delivered to appellant's secretary a duly attested copy of the execution and return as amended.

The appellant argues that the sale of the intangible interest of a stockholder in a corporation being unknown to the common law and being purely a creature of the statute, can only be accomplished by a strict compliance with the statutory provisions, and that the failure of the sheriff to leave with the secretary of the company an attested copy of the execution and return within fourteen days from the date of the sale renders the proceedings void.

There is no force in the contention that the statute under consideration must be more strictly construed than other provisions of the code merely because, under the common law, the intangible interest of a stockholder in a corporation was not subject to sale under execution. The first commandment of the code of civil procedure reads:

"The rule of the common law, that statutes in derogation thereof 'are to be strictly construed, has no application to this code. Its provisions,

and all proceedings under it, shall be liberally construed, with a view to promote its object, and assist the parties in obtaining justice." (Civ. Code, § 2.)

And section 140 of the code, authorizes the court or judge before or after judgment, in furtherance of justice and on such terms as may be proper, to amend any pleading, process or proceeding so as to conform to the facts, with the further provision that "when any proceeding fails to conform in any respect to the provisions of this code, the court or judge may permit the same to be made conformable thereto by amendment."

While it is true that the sheriff was not only permitted to amend his return to show the name of the purchaser, and that such purchaser was the highest bidder at the sale, but was also permitted to complete the proceedings by delivering to the secretary of the company an attested copy of the return as amended, and that the amendment and service of the copy on the appellant company took place more than sixty days after the execution was issued, the court undoubtedly had authority to permit these amendments not only after the time for returning the execution had expired, but also, notwithstanding the fourteen days fixed by the statute for completing the return had also expired. This is true, at least, as between the purchaser at the sale and the appellant company.

So far as appears from the abstract no third party's rights are in any respect affected by the judgment. There is a statement in appellant's brief that after the fourteen days had expired from the date of the sale the share of stock in question was transferred by the appellant to a bank at Garden City, and that the bank now holds it. The appellee has filed no brief.

As between the appellant company and the purchaser at the sheriff's sale it was the duty of the court, in the furtherance of justice, to permit the proceedings to be amended. The bank is not a party to the action and the appellant cannot avail itself of any rights the bank might have. The judgment is affirmed.