No. 30,127.

ALBERT NEESE, *Appellee*, v. GEORGE J. LITTLE et al., *Appellants*.

(5 P. 2d 865.)

·Opinion filed December 12, 1931.

*P. C. Wilson,* of Topeka, and *George J. Little,* of Carbondale, for the appellants.

*A. K. Stavely,* of Lyndon, for the appellee.

The opinion of the court was delivered by

SLOAN, J.: This was an action to foreclose a mortgage, and the principal question involved was whether the period of redemption should be reduced to six months.

This action was filed on September 4, 1930. The petition alleged the execution and delivery of a promissory note in the amount of $5,060.25, and a real-estate mortgage to secure the payment thereof, by all of the defendants except Geo. J. Little and Louise Little; that the mortgage was regularly recorded; that default had been made in the payment of the note according to its terms, and that by reason thereof the plaintiff was entitled to have the mortgage foreclosed.

It was also alleged that the makers of the mortgage had conveyed the real estate to the defendant, Geo. J. Little, and that he was the owner and in possession of the premises; that the mortgage was given by the defendants to secure the unpaid balance of the purchase price of the land, and that less than one-third of the purchase price had been paid. The prayer was for judgment against the

makers of the note for the amount thereof, the foreclosure of the mortgage and the sale of the land to satisfy the judgment, and that after the sale the defendants, and each of them, be barred and foreclosed from any right or interest in the land except the right of six months' redemption.

The defendants answered, alleging that the mortgage in question was given as a renewal of two former mortgages, together with the interest accruing thereon, and the costs in a suit foreclosing the former mortgages, and asked that eighteen months be fixed as the time within which the defendants might redeem. The plaintiff moved for a judgment on the pleadings, and on July 1, 1930, the motion was sustained and a judgment rendered against the makers of the note for the amount thereof, and a further judgment foreclosing the mortgage and directing that the property be sold to satisfy the judgment.

It was further ordered that the court retain jurisdiction of the case in so far as the same related to the question of the period of redemption. On this question the evidence shows the following facts:

December 2, 1912, George W. Little and Katie Little, his wife, executed a mortgage to the plaintiff in the amount of $3,000, conveying the land described in the petition. Some years later George W. Little died, and subsequently a mortgage of $1,000 was given to the plaintiff on the same land by the heirs of the deceased, who were Katie Little, his widow, and his three sons, Clarence E. Little, Geo. J. Little and Archie Little. On April 4, 1929, the plaintiff commenced an action to foreclose these mortgages. All of the makers of the mortgages except the deceased were parties defendant and were properly served with summons. No answer was filed and a default judgment was taken on June 11, 1929, foreclosing the mortgages. An order of sale was issued July 1, 1929, and notice of sale published to take place on August 5, 1929. A few days prior to the sale some of the defendants approached the plaintiff and asked him to make a new loan to Katie Little. Plaintiff replied that he did not like Geo. J. Little and if they would get a deed from him he would make a loan to Katie Little for the amount of the judgment and costs. For some time Geo. J. Little refused to make the deed and the sale was duly held, confirmed and a certificate of purchase issued August 31, 1929. On September 4, 1929, a quitclaim deed from Geo. J. Little and wife to Katie Little was recorded, and on the same

day the note and mortgage in question were executed and a certificate of redemption issued. Some time after this Katie Little conveyed her interest in the land to Geo. J. Little. The interest and taxes being in default, this suit was commenced.

The court took the question of fixing the period of redemption under advisement and on the 6th of January, 1931, made a finding that the allegations of the plaintiff's petition were true; that the mortgage was given to secure the unpaid balance of the purchase price of the land described in the mortgage; that less than one-third of the purchase price had been paid, and entered a judgment fixing the period of redemption at six months from the date of sale.

The appellant contends that the period of redemption should be eighteen months, and that the court erred in fixing it at six months.

The court found generally for the appellee and that the allegations contained in the petition were true. This finding necessarily is to the effect that the mortgage was not a renewal of the former mortgages, but was a new mortgage given for the purpose of redeeming the land from the sheriff's sale and that the proceeds of such new mortgage were used in redeeming the land from the sale. The question, therefore, is whether the use of money procured through a mortgage on real estate in the payment of the amount necessary to redeem the real estate from a judicial sale makes the mortgage a lien for the purchase price of the real estate within the meaning of the statute. If one purchases real estate and gives a mortgage to a third party and uses the proceeds of such mortgage in the payment of the purchase price the mortgage thereby becomes a purchase-price mortgage within the meaning of the statute, and the purchaser is only entitled, if less than one-third of the purchase price has been paid, to six months' right of redemption. (*Rafter Farm Mtg. Co. v. King,* 123 Kan. 654, 256 Pac. 987.)

Under the redemption statute the holder of the legal title has the absolute right to redeem the land from the sale within the time fixed by the statute by paying to the clerk of the court the amount for which the land was sold, together with interest, costs and taxes. (R. S. 60-3439.)

The statute relating to the foreclosure of liens for the purchase price of real estate (R. S. 60-3466) clearly contemplates a sale of the land in the sense that there is a voluntary transfer of title. The redemption provided for in the statute does not have any of the ele-

ments of a sale such as contemplated in this statute. The holder of the legal title exercises an arbitrary right. The holder of the certificate of purchase has no discretion in the matter. The transfer of title to the certificate holder is not completed until the execution and delivery of the deed by the sheriff. The legal title during this period is in the mortgagor. The certificate holder acquires an equitable title, which, if the mortgagor does not exercise his right of redemption, will entitle him to the deed and vest him with the title. (*Bell v. Diesem*, 86 Kan. 364, 121 Pac. 335.) The relationship of vendor and purchaser does not exist between the parties, and consequently a mortgage given for the purpose of redeeming the land from a judicial sale does not create a lien for the purchase price. The period of redemption should, therefore, have been fixed at eighteen months.

Other errors are assigned, which, in view of the conclusion we have reached, are not necessary to discuss or decide. It is, however, suggested that there is a clerical error in the sheriff's return in the description of the property sold. This may be corrected under the order of the trial court upon the application of the interested party. (R. S. 60-759; *Trinkle v. Land and Immigration Co.*, 109 Kan. 290, 198 Pac. 947.)

The order of the court made on the 6th day of January, 1931, fixing the period of redemption at six months is modified and the court is directed to fix the period of redemption at eighteen months, otherwise such judgment shall remain in full force and effect.